1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MATTHEW SARAD and
     NELLI SARAD,
11
                    Plaintiffs,                    No. CIV S-09-1080 DAD PS
12
             vs.
13
     OPTION ONE MORTGAGE, et al.,                  ORDER
14
                    Defendants.
15   _____/

16            This matter came before the court on November 13, 2010, for hearing on:  (1) the

17   motion to dismiss or for a more definite statement and to strike filed by defendant American

18   Home Mortgaging Servicing (Doc. No. 31);  (2) the motion to dismiss or for a more definite

19   statement filed by defendants Sand Canyon Corporation, formerly known as ("f/k/a") Option One

20   Mortgage Corporation[1], and H&R Block, Inc. (Doc. No. 32); and (3) the motion to dismiss for

21   lack of personal jurisdiction filed by defendant H&R Block, Inc. (Doc. No. 33).  Plaintiff

22   Matthew Sarad, proceeding pro se, appeared at the hearing on his own behalf.  No appearance

23   was made by plaintiff Nelli Sarad, who is also proceeding pro se.  Christina Rovira, Esq.

24   appeared telephonically for defendant American Home Mortgage Servicing, Inc.  Bruce T. Bauer,

25

26            [1] Defendant Option One Mortgage Corporation indicates that it is now known as Sand
     Canyon Corporation and that it has erroneously been sued in this action as Option One Mortgage.

1   Esq.  appeared telephonically for defendants Sand Canyon Corporation, f/k/a Option One

2   Mortgage Corporation, and H&R Block, Inc.  Upon consideration of all written materials filed in

3   connection with the motions, the parties' arguments at the hearing, and the entire file, the court

4   concludes that defendants' motions to dismiss must be granted.[2]

5                                    PLAINTIFFS' CLAIMS

6                In their single-spaced, fifty-three page complaint (including attached exhibits),

7   plaintiffs allege as follows.  Plaintiffs purchased the subject property located at 759 Glen Mady

8   Way in Folsom, California on or about October 27, 2006 for approximately $1,200,000.  (Compl.

9   ¶ 3.)  They financed the purchase through an adjustable rate "interest only" mortgage loan with

10  defendant Option One Mortgage Corporation secured by a Deed of Trust on the subject property.

11  (Id.)  Plaintiffs made a down payment of approximately $242,122 and took out a first mortgage

12  of $754,000 and a second mortgage of $250,000.  (Compl. ¶ 51.)  In May of 2008, plaintiff

13  Matthew Sarad lost his job.  (Id. ¶ 68.)  At that time, plaintiffs unsuccessfully sought to refinance

14  the property or obtain a loan modification.  (Id. ¶¶ 68, 74.)  Plaintiffs have apparently defaulted

15  on the loan, with Notices of Default being recorded against the property on August 1, 2008 and

16  July 13, 2009, reflecting amounts owing as of those dates of $27, 949.94 and $28, 479.62.

17                Plaintiffs allege that defendants Option One Mortgage Corporation and H&R

18  Block Inc. were national mortgage lenders and that in May of 2008 defendant American Home

19  Mortgage Servicing Inc. acquired Option One Mortgage Corp. from H&R Block Inc.. (Id. ¶ 2.)

20  Plaintiffs complain generally that these defendants engaged on a national level in irresponsible,

21  predatory lending practices which included steering borrowers into costly sub-prime loans with

22  /////

23  /////

24  /////

25

26        [2]  All parties have consented to magistrate judge jurisdiction in this civil action in
    accordance with 28 U.S.C. § 636(c)(1).  (Doc. Nos. 21, 22, 29, 35 and 36.)

"exploding" adjustable rates.[3]  Specifically, plaintiffs claim that defendants promised them that they could later refinance their loan to bring down their monthly payment and borrow additional funds using the property as security.  (Id. ¶¶  3, 57.)  They also allege that agents of the defendants assured them that both their income and the value of their home would continue "grow." (Id.)  Plaintiffs claim that they did not qualify for the loan they were extended but instead entered into the transaction after being offered a "stated income" loan with imaginary income figures provided by the defendants' loan brokers.  (Id. ¶ 4.)  According to plaintiffs, defendants' agents falsified plaintiffs' loan information and instructed plaintiff Nelli Sarad, who in fact had no income, to manufacture income numbers based on a portion of her husband's income at the time.  (Id. ¶ 61.)  Defendants also inflated the appraisal of the property to facilitate the making of the loan.  (Id. ¶ 66.)

Plaintiffs allege that they informed defendants' agents that they were concerned that they could not afford the property in question, that the offered interest rate was too high and that they could not qualify for the loan.  (Id. ¶ 52.)  Plaintiffs also informed defendants' agents that it might become important to them that they be able to refinance the property or borrow on its equity in the future.  (Id. ¶ 105.)  The defendants' agents reassured plaintiffs that they would qualify for a "stated income" loan that would not require verification of income and then inflated the figures provided by plaintiffs in order to make the loan.  (Id.)  According to plaintiffs, the agents overcame their concerns by assuring them that they could lock in an "interest only" loan for five years which could later be restructured if their income was disrupted or the monthly payments on the mortgage became overwhelming.  (Id. ¶ 57.)  Plaintiffs claim that defendants' agents charged outrageous and illegal fees in connection with the loan and required them to purchase unnecessary insurance, including pool, spa, well and well pump insurance even though

---

[3]  As a result, plaintiffs allege, defendants Option One Mortgage Corp. and H&R Block, Inc. have been named in a lawsuit filed by the Massachusetts Attorney General's Office and had their ability to initiate or advance on foreclosure proceedings in that state limited by preliminary injunction.  (Compl. ¶ 19.)

1    the home had none of these features.  (Id. ¶¶ 64-65.)

2            When plaintiff Matthew Sarad lost his job in May of 2008, plaintiffs' income was

3    greatly reduced.  (Id. ¶ 68.)  Plaintiffs attempted to take out an equity loan from defendant Option

4    One Mortgage, based upon the approximately $300,000 they had invested in the property by that

5    time, without success.  (Id.)  In November of 2008 plaintiffs sought a loan modification from

6    defendants H&R Block and American Home Mortgaging Servicing, also without success.  (Id. ¶

7    74.)  In fact, plaintiffs claim that they were "forced under duress" by defendants to sign

8    predatory forbearance and loan modification agreements to avoid accelerated foreclosure

9    proceedings.  (Id. ¶ 75.)  As a result of defendants' action plaintiffs were required to move out of

10   their home, had their credit ruined and suffered emotional distress.  (Id. ¶¶ 106-08.)

11           Based on these allegations, plaintiffs purport to state sixteen separate causes of

12   action, most alleging violations of California law.  Those causes of action are as follows:  (1)

13   violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq.; (2) violation of the Real

14   Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, et seq.; (3) violation of California

15   Civil Code §§ 1920, 1921; (4) violation of California Civil Code §2823.6; (5) violation of the

16   Unfair Competition Act, California Business & Professions Code § 17200, et seq.; (6)  violation

17   of the False Advertising Act, California Business & Professions Code § 17500, et seq.; (7)

18   Constructive Fraud in violation of California Civil Code § 1573; (8) Intentional

19   Misrepresentation in violation of California Civil Code §§ 1709, 1710; (9) Concealment in

20   violation of California Civil Code §§ 1709, 1710; (10) Negligent Misrepresentation in violation

21   of California Civil Code §§ 1709, 1710; (11) Fraud on the Public in violation of California Civil

22   Code § 1711; (12) Rescission pursuant to California Civil Code § 1689; (13)  Breach of

23   Fiduciary Duty; (14) Negligence; (15) Breach of the Implied Covenant of Good Faith and Fair

24   Dealing; and (16) Intentional Infliction of Emotional Distress.

25           In terms of relief, plaintiffs seek declaratory and injunctive relief, rescission of the

26   loan in question, surrender of the deed to the property to them, statutory, compensatory and

4

1   punitive damages and costs of suit.

2                              ARGUMENTS OF THE PARTIES

3                   Defendants Sand Canyon, f/k/a Option One Mortgage Corporation and H&R

4   Block, Inc. and defendant American Home Mortgage Servicing, Inc. seek dismissal of plaintiffs'

5   complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiffs

6   have failed to state any cognizable claim.  (Doc. Nos. 31, 32)  In this regard, defendants argue

7   that plaintiffs' first claim for violation of TILA is time-barred.  In addition, defendants asserts

8   that plaintiffs' TILA claim is not cognizable because residential mortgage transactions such as

9   that at issue here are exempt under TILA and, in any event, plaintiffs have failed to tender.

10  Defendants also contend that plaintiffs' second claim for violation of RESPA is also untimely.[4]

11  Finally, defendants argue that none of plaintiffs various state law claims are cognizable.

12  Defendant H&R Block, Inc. also has moved separately for dismissal pursuant to Fed. R. Civ. P.

13  12 (b)(2) due to lack of personal jurisdiction. (Doc. No. 33.)

14                  Plaintiffs oppose dismissal of their complaint.  In their 115-page (including

15  exhibits) opposition brief, they argue that their TILA claim is timely because it was filed within

16  three-years of the purchase of their home.  They also contend that the statute of limitations under

17  TILA is subject to equitable tolling where the violations are concealed by the defendants'

18  misrepresentations and are not apparent on their face.  Plaintiffs assert that they filed this action

19  within one year of learning that they could not refinance.  Plaintiffs argue that they can satisfy

20  any tender requirement through a third party willing to advance them money on their likely

21  recovery against defendants in this action.  They contend that TILA does now apply to mortgage

22

23          [4] Defendants Sand Canyon Corp., f/k/a Option One Mortgage Corporation, and H&R
    Block, Inc. have also moved to strike certain allegations of plaintiffs' complaint and, in the
24  alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e) and (f).  In light of the
    resolution of the pending motions set forth herein, these arguments need not be addressed.  But
25  see Whittlestone, Inc. v. Handi-Craft Company, ___F.3d___,___, No. 09-16353, 2010 WL
    3222417, at *3-4 (9th Cir.  Aug. 17, 2010) (in a case of first impression holding that Fed. R. Civ.
26  P. 12(f) does not authorize a district court to strike or dismiss a claim for damages on the basis
    that the damages claim is precluded as a matter of law).

1   loan transactions.  With respect to their RESPA claim, plaintiffs argue that it is not barred by the

2   statute of limitations because they did not learn of any RESPA violations until November of

3   2008 and this action was filed within one year thereafter.  Finally, plaintiffs oppose defendant

4   H&R Block's motion to dismiss for lack of personal jurisdiction essentially on the grounds that

5   defendant Option One Mortgage Corp. and H&R Block, Inc. are one in the same.

6                    LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTIONS

7           The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

8   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

9   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

10  sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

11  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

12  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus,

13  a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the

14  plaintiff's claims, even if the plaintiff's allegations are true.

15          In determining whether a complaint states a claim on which relief may be granted,

16  the court accepts as true the allegations in the complaint and construes the allegations in the light

17  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

18  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

19  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

20  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

21  form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

22          Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may

23  seek dismissal of an action for lack of personal jurisdiction.  "Where, as here, there is no

24  applicable federal statute governing personal jurisdiction, the law of the state in which the district

25  court sits applies."  Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1484 (9th Cir.1993).

26  See also Yahoo! v. La Ligue Contre Le Racisme, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc)

1   (same)  "California's long-arm statute allows courts to exercise personal jurisdiction over

2   defendants to the extent permitted by the Due Process Clause of the United States Constitution."

3   Core-Vent Corp., 11 F.3d at 1484.  See also Love v. Associate Newspapers, Ltd., 611 F.3d 601,

4   608-09 (9th Cir. 2010); Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008).  Thus, only

5   constitutional principles constrain the jurisdiction of a federal court in California.  Love, 611

6   F.3d at 608-09; Boschetto, 539 F.3d at 1015; Sher v. Johnson, 911 F.2d 1357, 1361 (9th

7   Cir.1990).  "Due process requires that in order to subject a defendant to a judgment in personam,

8   if he be not present within the territory of the forum, he have certain minimum contacts with it

9   such that the maintenance of suit does not offend traditional notions of fair play and substantial

10   justice."  Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th

11   Cir.2003) (internal quotations omitted).  See also Burger King v. Rudzewicz, 471 U.S. 462, 476

12   (1985); Yahoo!, 433 F.3d at 1205.

13          Once a defendant challenges jurisdiction, the burden of proof to show that

14   jurisdiction is appropriate lies with the plaintiff.  Love, 611 F.3d at 608; Boschetto, 539 F.3d at

15   1015; Sher, 911 F.2d at 1361.  When a defendant's motion to dismiss is to be decided on the

16   pleadings, affidavits, and discovery materials, the plaintiff need only make a prima facie showing

17   that personal jurisdiction exists in order for the action to proceed.  Love, 611 F.3d at 608;

18   Boschetto, 539 F.3d at 1015; Sher, 911 F.2d at 1361.  In deciding whether plaintiff has met this

19   burden, the court accepts plaintiff's allegations as true.  Love, 611 F.3d at 608; Boschetto, 539

20   F.3d at 1015; Sher, 911 F.2d at 1361.

21                                   ANALYSIS

22          At the outset, defendants have requested judicial notice of documents and records

23   related to the loan transaction at issue.  (Doc. No. 32-2.)  Specifically, defendants request that the

24   court take judicial notice of the following: (1) a Deed of Trust executed by plaintiffs dated

25   October 24, 2006, and recorded in the Sacramento County Recorder's Office on October 27,

26   2006; (2) the Assignment of Deed of Trust recorded August 29, 2008 in the Sacramento County

Recorder's Office; (3) a Deed of Trust recorded in the Sacramento County Recorder's Office on July 11, 2005;  (4) a Notice of Default and Election to Sell Under Deed of Trust recorded with the Sacramento County Recorder's Office on April 22, 2009; (5) a Notice of Default and Election to Sell Under Deed of Trust recorded with the Sacramento County Recorder's Office on August 1, 2008; and (6) a Notice of Default and Election to Sell Under Deed of Trust recorded with the Sacramento County Recorder's Office on July 13, 2009.  (Doc. No. 32-2, Exs. 1-6.)  Defendants' requests for judicial notice will be granted pursuant to Federal Rule of Evidence 201.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings).

I.     TILA Cause of Action

As noted above, plaintiffs allege that defendants failed to make numerous material disclosures to them in connection with this mortgage loan transaction as required by TILA. Plaintiffs seek rescission and the award of damages.

Plaintiff's TILA claim for damages is barred because such a suit for such damages must be filed within one year following the alleged violation.  15 U.S.C. § 1640(e).  The failure to make required disclosures for purposes of a damages claim under TILA occurs on the date the loan documents are signed, because on that date the buyer is in possession of all information relevant to they buyer's discovery of the TILA violation and the basis for a damages claim. Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003); Lingad v. Indymac Federal Bank, 682 F. Supp.2d 1142, 1147 (E.D. Cal. 2010) ("[W]hen a plaintiff fails to allege any facts demonstrating that the TILA violations alleged could not have been discovered by due diligence during the one-year statutory period, equitable tolling should not be applied and dismissal at the pleading stage is appropriate."); Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111, 1122 (N.D. Cal. 2009).  Here, plaintiffs commenced this suit thirty months after

8

1   the mortgage loan was made and any TILA violation could have occurred, and almost eighteen

2   months after the statute of limitations for a claim of damages under TILA had expired.[5]

3               Plaintiffs' complaint also seeks rescission with respect to the alleged TILA

4   violations.  To state a claim for rescission under TILA, however, the plaintiffs must allege that

5   they are able to tender the proceeds of her loan.  See Yamamoto v. Bank of New York, 329 F.3d

6   1167, 1171 (9th Cir. 2003) (holding that rescission under TILA "*should* be conditioned on

7   repayment of the amounts advanced by the lender" and explaining that, because rescission is a

8   remedy that restores the status quo ante, a borrower seeking rescission is required to allege ability

9   to tender the loan proceeds); LaGrone v. Johnson, 534 F.2d 1360, 1362 (9th Cir. 1974); Garcia v.

10   Wachovia Mortgage Corp., 676 F. Supp.2d 895, 903 (C.D. Cal. 2009).  There is no such

11   allegation in plaintiffs' complaint.[6]  Rather, in their opposition to the motion, plaintiffs merely

12   suggest the possibility that they may be able to meet tender requirement through a third party

13   willing to advance them money on their likely recovery against defendants in this action.  Such

14   tenuous speculation does not satisfy the tender requirement.  See Lal v. American Home

15   Servicing, Inc., 680 F. Supp. 2d 1218, 1222-23 (E.D. Cal. 2010) (tender requirement for a TILA

16   rescission claim not met by plaintiff/borrower's proffer that once successful in their civil action

17   they will be able to secure refinancing to satisfy obligation).

18   ―――――――――――――――――

19       [5] Plaintiffs' bare allegation in their opposition to the pending motions that defendants
misrepresented and concealed facts and that they were unaware of any TILA violations until they

20   learned they were unable to refinance thus rendering their action timely, is of no avail.  Plaintiffs
plead no facts explaining why they could not have discovered the alleged TILA violations at the

21   consummation of their loan as required.  See Wilson v. First Franklin Financial Corp., Civ. No.
S-08-2572 FCD/JFM, 2010 WL 2106551, at *3 (E.D. Cal. May 25, 2010) ("Such factual

22   underpinnings are all the more important . . . since the vast majority of [plaintiff's] alleged
violations under TILA are violations that are self-apparent at the consummation of the

23   transaction.") (quoting Cervantes v. Countrywide Home Loans, Inc.,  No. CV 09-517-PHX-JAT,
2009 WL 3157160, at *4 (D. Ariz. Sept. 24, 2009)).  Indeed, the allegations of plaintiffs' own

24   complaint belie any claim that they were unaware of the alleged TILA violations at the time their
loan was consummated.

25       [6] Plaintiffs' claim for rescission under TILA is not time-barred, however, since such
claims are governed by a three-year statute of limitations.  15 U.S.C. § 1635(f); see also King v.

26   State of California, 784 F.2d 910, 913 (9th Cir. 1986).

1    Moreover, plaintiffs' complaint alleges that the loan in question was obtained by

2  them to acquire, at the time, their primary residence.  As such, this was a "residential mortgage

3  transaction" which is exempt from TILA's right of rescission.  See 15 U.S.C. § 1635(e)(1);

4  Barrett v. JP Morgan Chase Bank, N.A., 445 F.3d 874, 879 (6th Cir. 2006); Khan v. GMAC

5  Mortgage, LLC, No. 2:10-cv-00900-GEB-JFM, 2010 WL 2635095, at *3 (E.D. Cal. June 30,

6  2010); see also Wilson v. First Franklin Financial Corp., Civ. No. S-08-2572 FCD/JFM, 2010

7  WL 2106551, at *2 (E.D. Cal. May 25, 2010) (concluding that such residential mortgage

8  transactions are also exempted from Regulation Z (12 C.F.R. § 226.23(f)(1)) and the Home

9  Ownership and Equity Protection Act (15 U.S.C. § 1602(aa)(1))) .

10    Finally, as many courts have recognized, it is clear that "defendant[s] had no duty

11  to disclose to plaintiff[s] that [t]he[y] did not have the ability to repay the loan."  Cross v.

12  Downey Savings & Loan Ass'n, No. CV 09-317 CAS (Ssx), 2009 WL 481482, at *5 (C.D. Cal.

13  Feb 23, 2009).  See also Davidson v. Countrywide Home Loans, Inc, No. 09-CV-2694-IEG

14  (JMA), 2010 WL 2925440, at *9 (S.D. Cal. July 23, 2010) ("[T]o the extent Plaintiffs bases this

15  claim on the contention that Countrywide gave Davidson a loan she could not afford, this claim

16  would fail."); Camillo v. Washington Mutual Bank, F.A., No. 1:09-CV-1548 AWI SMS, 2009

17  WL 3614793, *7 (E.D. Cal. Oct. 27, 2009) ("Thus, Defendants had not duty to disclose to

18  [Plaintiffs] that [they] did not have the ability to repay the loan.")

19    For all of these reasons,  plaintiffs TILA claim must be dismissed with prejudice.

20  II.    RESPA Cause of Action

21    With respect to their second cause of action alleging violations of RESPA,

22  plaintiffs seek recovery and damages under 12 U.S.C. § 2607.  However, this cause of action is

23  also time-barred.  Claims for damages under 12 U.S.C. § 2607 are subject to a one year statute of

24  limitations from the date the violation occurs.  See 12 U.S.C. § 2614; see also Allan v.

25  Greenpoint Mortgage Funding, ___F. Supp.2d___, ___, 2010 WL 2985080, at *3-4 (N.D. Cal.

26  July 27, 2010); Green v. Alliance Title, et al., No. CIV S-10-0242 MCE EFB PS, 2010 WL

1  3505072, at *6 (E.D. Cal. Sept. 2, 2010).  As noted above with respect to their TILA claim,

2  plaintiffs commenced this suit thirty months after the mortgage loan was made and any RESPA

3  violation could have occurred, and almost eighteen months after the statute of limitations for a

4  claim of damages under RESPA had expired.[7]

5  III.    Personal Jurisdiction Over Defendant H&R Block, Inc.

6          As noted above, in opposition to a defendant's motion for lack of personal

7  jurisdiction the plaintiff bears the burden of proof to show that jurisdiction is proper.  Love, 611

8  F.3d at 608; Boschetto, 539 F.3d at 1015; Sher, 911 F.2d at 1361.

9          Here, defendant H&R Block, Inc. has come forward with declarations establishing

10  that it is a corporation organized under the laws of Missouri with it's principal place of business

11  in Kansas City, Missouri, the only state in which it is authorized to do business.   Those

12  declarations also establish that defendant H&R Block, Inc. does not maintain employees in

13  California, does not provide goods or services in California, does not derive revenue from goods

14  consumed or services rendered in California and does not have a registered agent in California.

15          Plaintiff's oppose defendant H&R Block, Inc.'s motion to dismiss for lack or

16  personal jurisdiction solely on the grounds that defendant Option One Mortgage Corp. was a

17  subsidiary of  H&R Block, Inc. at the time the loan in question was made.  Defendant H&R

18  Block, Inc. has submitted declarations establishing that each of its subsidiaries maintains their on

19  records of income, losses and gains and that all corporate formalities are properly maintained in

20  that regard.

21

22          [7] It is noteworthy that while RESPA's purpose is to "curb abusive settlement practices in
    the real estate industry, some courts have concluded that "[s]uch amorphous goals, however, do
23  not translate into a legislative intent to create a private right of action."  Bloom v. Martin, 865 F.
    Supp. 1377, 1385 (N.D. Cal.1994), aff'd, 77 F.3d 318 (9th Cir. 1996).  See also Bojorquez v.
24  Gutierrez, No. C 09-03684 SI, 2010 WL 1223144, at *8 (N.D. Cal. Mar. 25, 2010) (no private
    right of action for disclosure violations under RESPA).  "The structure of RESPA's various
25  statutory provisions indicates that Congress did not intend to create a private right of action for
    disclosure violations under 12 U.S.C. § 2603  . . . Congress did not intend to provide a private
26  remedy . . . ."  Bloom, 865 F. Supp. at 1384.

1        In opposition to the motion to dismiss for lack of personal jurisdiction, plaintiffs

2 have not made any showing that non-resident defendant H&R Block, Inc. has:  (1) directed its

3 activities or consummated some transaction within California or purposely availed itself of the

4 privilege of conducting activities in California; and (2) that their claim arises out of or relates to

5 the H&R Block, Inc.'s California-related activities.  See Boschetto, 539 F.3d at 1016; see also

6 Love, 611 F.3d at 609.  Having failed to meet its burden of making a prima facie showing that

7 jurisdiction over defendant H&R Block, Inc. is appropriate, "the jurisdictional inquiry ends and

8 the case must be dismissed."  Boschetto, 539 F.3d at 1016.  See also Pebble Beach Co. v. Caddy,

9 453 F.3d 1151, 1155 (9th Cir. 2006).

10        Accordingly, H&R Block, Inc.'s motion to dismiss for lack of personal

11 jurisdiction must be granted.  See Harris v. Option One Mortgage Corporation, et al., 261 F.R.D.

12 98, 110-11 (D. S. Car. 2009) (Rejecting plaintiffs' speculative assertion that Sand Canyon Corp.

13 was merely an "alter ego" of H&R Block, Inc. in light of the evidence presented, denying

14 discovery on the issue and granting H&R Block Inc.'s motion to dismiss for lack of personal

15 jurisdiction.)

16 IV.    Granting Plaintiffs Leave to Amend Their Federal Claims Would Be Futile

17        The undersigned has carefully considered whether plaintiff may amend his

18 complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave

19 to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

20 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

21 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

22 while leave to amend shall be freely given, the court does not have to allow futile amendments).

23 Leave to amend would clearly be futile in this case given the nature of the deficiencies noted

24 above (i.e. statute of limitations, non-cognizable claims and lack of personal jurisdiction) with

25 respect to their federal claims.  Accordingly, those federal claims will be dismissed with

26 prejudice.

1    V.    Plaintiffs' State Law Claims

2              Under the analysis set forth above, plaintiffs' federal claims will be dismissed.

3    Because there will then be no federal claims remaining, this court declines to exercise

4    supplemental jurisdiction over plaintiffs' various state law claims.  See 28 U.S.C. § 1367(c)(3)

5    (The district courts may decline to exercise supplemental jurisdiction over a claim . . . if - the

6    district court has dismissed all claims over which it has original jurisdiction").  "'In the usual

7    case in which all federal-law claims are eliminated before trial, the balance of factors . . . will

8    point toward declining to exercise jurisdiction over the remaining state-law claims.'"  Acri v.

9    Varian Associates, Inc., 114 F.3d 999, 1000-01 (9th Cir.1997) (quoting Carnegie-Mellon

10   University. v. Cohill, 484 U.S. 343, 350, n. 7 (1988)).  See also Gini v. Las Vegas Metropolitan

11   Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1984) (same).  Considerations of comity weigh

12   heavily in favor of declining to exercise supplemental jurisdiction since all of plaintiffs'

13   remaining claims arise under California law.  See Gibbs v. United Mine Workers of America,

14   383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided [.]")  Moreover,

15   federal judicial economy is promoted by declining to exercise supplemental jurisdiction.  See

16   Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986) ("The district court, of course, has the

17   discretion to determine whether its investment of judicial energy justifies retention of

18   jurisdiction.")[8]

19             For all of these reasons, pursuant to 28 U.S.C. § 1367(c)(3) the court declines to

20   exercise supplemental jurisdiction over plaintiffs' remaining state law claims.[9]

21   /////

---

22        [8]  This factor weighs heavily in favor of declining to exercise supplemental jurisdiction in
23   this case in light of the recently well-publicized statistics reflecting that this court is burdened
     with one of the heaviest weighted caseloads per judge in the nation.

24
         [9]  Dismissal of plaintiffs' state law claims will be without prejudice to their re-filing in
25   state court.  However, this court is skeptical of plaintiffs ability to state cognizable state law
     claims against these defendants.  See Miller v, Wells Fargo Home Mortgage, No. Civ. S-10-
26   0284, 2010 WL 3431802 (E.D. Cal. Aug. 31, 2010) (and cases cited therein).

CONCLUSION

1      For the reasons set forth above, IT IS HEREBY ORDERED that:

2      1.   The motion to dismiss, for more definite statement, and/or to strike filed October 8, 2009, by defendant American Home Mortgaging Servicing (Doc. No. 31) is granted;

3      2.   The motion to dismiss or for a more definite statement filed October 13, 2009, by defendants Sand Canyon Corporation, formerly known as ("f/k/a") Option One Mortgage Corporation, and H&R Block, Inc. (Doc. No. 32) is granted;

4      3.   The motion to dismiss for lack of personal jurisdiction filed October 13, 2009, by defendant H&R Block, Inc. (Doc. No. 33) is granted;

5      4.   Plaintiffs' federal claims are dismissed with prejudice;

6      5.   Plaintiffs' state claims are dismissed without prejudice to their re-filing in the appropriate state court; and

7      6.   The Clerk of the Court is directed to close this case.

DATED: September 24, 2010.


_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:
Ddad1\orders.prose\sarad1080.oah.111309

14